**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TIMOTHY LEROY AUNGST,

    Petitioner,

-vs-                                                       Case No.  8:04-CV-1149-T-30MAP

ATTORNEY GENERAL OF THE
STATE OF FLORIDA,

    Respondent.

_____/

**<u>ORDER</u>**

    Before the Court is Petitioner's Motion to Dismiss Petition Without Prejudice to Exhaust State Court Remedies (Dkt. 11).  Rule 41 provides, in pertinent part, that "an action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment."  Rule 41(a)(1), Fed. R. Civ. P.

    A responsive pleading has, however, been filed in these proceedings.  Accordingly, Petitioner must either file a stipulation for voluntary dismissal executed by all parties or secure leave of the Court to dismiss the Petition.  *See* Fed. R. Civ. P. 41(a)(2) ("[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.").

    Petitioner states that he is requesting leave to dismiss his Petition because he has not exhausted remedies available to him in state court.  "An application for a writ of habeas

corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. 2254(b)(1)(A).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996. This law amended 28 U.S.C. § 2244(d) by adding the following new subsection:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A review of the record reveals that Petitioner's Petition was timely when it was filed. His conviction became final on direct review on March 28, 2003. *See Aungst v. State*, 846 So.2d 514 (Fla. 2d DCA 2003) (Table). Thus, Petitioner's one-year limitation period began

to run on June 26, 2003.  *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (finding that the limitations period did not begin to run until the 90-day window during which the petitioner could have petitioned the United States Supreme Court for a writ of *certiorari* expired).

Petitioner filed his Petition on May 3, 2004.  His limitation period expired shortly thereafter on June 26, 2004.  The filing of the Petition for federal habeas relief did not toll the one-year period of limitation.  Thus, any habeas claim filed after June 26, 2004, will be considered time barred.  *See* 28 U.S.C. § 2244(d).  *See also Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) therefore did not toll the limitation period during the pendency of [the] first federal habeas petition.").  Likewise, a dismissal without prejudice does not excuse Petitioner from the one-year limitation period.

The Court will, therefore, deny Petitioner's motion without prejudice to renewal once he has had an opportunity to fully assess the ramifications of his request to voluntarily dismiss his Petition.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion to Dismiss Petition Without Prejudice to Exhaust State Court Remedies (Dkt. 11) is **DENIED** without prejudice to renewal.

2. Petitioner shall, within **TWENTY (20) DAYS** hereof, **either** file his reply to Respondents' response **or** file a request for leave of the Court to dismissal the Petition pursuant to Fed. R. Civ. P. 41(a)(2).  At that time, this matter will be taken under

advisement and an order entered when the Court has completed its review. Extensions of time will not be routinely granted.

**DONE** and **ORDERED** in Tampa, Florida on May 5, 2005.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh

Copies furnished to:
All Parties/Counsel of Record