**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TIMOTHY LEROY AUNGST,

    Petitioner,

-vs-                                                    Case No. 8:04-CV-1149-T-30MAP

ATTORNEY GENERAL OF THE
STATE OF FLORIDA,

    Respondent.

_____/

**ORDER**

    Petitioner, a State of Florida inmate, initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is challenging his 1999 conviction entered by the Sixth Judicial Circuit Court, Pasco County, Florida. Respondent filed a response to the petition (Dkt. 7). Despite having been afforded an opportunity to do so, Petitioner has not filed a reply thereto, *see* Dkt. 8. The matter is now before the Court for consideration of the merits of the petition.

**Background**

    Petitioner was charged on May 11, 1999, with aggravated battery (Dkt. 7 at 2). Represented by court-appointed counsel, Petitioner proceeded to a trial by jury on August 21, 2001. The jury returned a verdict of guilty as charged on August 23, 2001. Petitioner was adjudicated guilty on October 12, 2001, and sentenced to serve a term of 10 years in prison. On direct appeal, Petitioner argued that the trial court erred in instructing the jury on the elements of aggravated battery (Dkt. 7, Ex. 1). The state district court affirmed

Petitioner's conviction per curiam, without written opinion, on March 28, 2003. *See Aungst v. State*, 846 So.2d 514 (Fla. 2d DCA 2003) (table decision). Petitioner did not file an application for state post-conviction relief.

Petitioner filed his federal habeas petition on May 3, 2004 (Dkt. 1). He asserts the following grounds for relief:

1. Petitioner was assaulted by the victim while inside a vehicle with him, and when Petitioner went to the police station to report the incident, he was arrested;

2. The victim's mental health should have foreclosed his credibility because he is prone to fits of dementia and receives disability for this condition;

3. Petitioner was unarmed when the victim assaulted him with a knife; and

4. The victim initiated the assault.

Dkt. 1. Respondent acknowledges that the petition is timely but argues that it should be denied because Petitioner failed to exhaust his claims in state court. Petitioner concedes that his claims have not been presented to the state courts (Dkt. 11 at 1-2).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. 2254(b)(1)(A). A petitioner's claims or portions of claims which are not exhausted but would clearly be barred if returned to state court must be dismissed.[1] *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).

Here it would be futile to dismiss this case to give Petitioner the opportunity to exhaust his claims because they could have and should have been included in his direct appeal. Under Florida law, an issue which could have been raised on direct appeal may

---

[1] *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

not be reviewed in an application for post-conviction relief. Fla. R. Crim. P. 3.850(c).  *See Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990). When, as in the instant case, it is clear that the unexhausted claims would be barred in state court due to a state-law procedural default, the claims are barred in federal court without a showing by the petitioner of both cause for the default and prejudice from the alleged constitutional violation. *See Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991)).  Petitioner does not assert that he can establish cause and prejudice to overcome the procedural bar, *Wainwright v. Sykes*, 433 U.S. 72 (1977), or that a fundamental miscarriage of justice will occur if this Court does not reach the merits of these claims. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Because Petitioner fails to proffer "specific facts which support a finding that one of these exceptions to the procedural default rule exists," *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996), it would be improper for this Court to address the merits of his claims. *See Kight v. Singletary*, 50 F.3d 1539, 1541 (11th Cir. 1995).

**Conclusion**

For the foregoing reasons, the Court finds that Petitioner has not met the criteria for relief under 28 U.S.C. § 2254.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 1, 2006.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties of Record

SA/jsh

Case 8:04-cv-01149-JSM-MAP   Document 13   Filed 06/01/06   Page 4 of 4 PageID 99